# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| NeoMedia Technologies, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.:  1:14-cv-01379-AT |
| ) | |
| Scanbuy, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT SCANBUY, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a)

Dated:  July 25, 2014

OF COUNSEL:
John M. Hintz
RIMON, P.C.
245 Park Avenue – 39th Floor
New York, NY  10167
Tel: 212.633.4913
Email:  john.hintz@rimonlaw.com

Jeffrey D. Blake
(Georgia Bar Number 253018)
MERCHANT & GOULD P.C.
191 Peachtree Street N.E. – Suite 4300
Atlanta, GA  30303
Tel.:  404.954.5100
Fax:  404.954.5099
Email:  jblake@merchantgould.com

*Attorneys for Defendant Scanbuy, Inc.*

## TABLE OF CONTENTS

*Page*

I. INTRODUCTION ................................................................. 1

II. FACTUAL BACKGROUND .................................................. 3

III. ARGUMENT .................................................................... 4

    A.    This Action Could Have Been Brought
           In The Southern District Of New York ......................................... 5

    B.    The Facts Support Transfer ......................................................... 5

           1.    The Convenience Of The Witnesses.................................... 6

           2.    The Location Of Relevant Documents And
                The Relative Ease Of Access To Sources Of Proof ........... 11

           3.    The Convenience Of The Parties ....................................... 12

           4.    The Locus Of Operative Facts ........................................... 14

           5.    The Availability Of Process To Compel
                The Attendance Of Unwilling Witnesses ........................... 16

           6.    The Relative Means Of The Parties ................................... 16

           7.    A Forum's Familiarity With The Governing Law.............. 17

           8.    The Weight Accorded A Plaintiff's Choice Of Forum....... 17

           9.    Trial Efficiency And The Interests Of Justice,
                Based On The Totality Of The Circumstances.................. 18

    C.    The Forum-Selection Clause Does Not Apply
           Because It Terminated When The NeoMedia-Scanbuy
           Agreement Terminated................................................................. 18

IV. CONCLUSION.................................................................... 24

V.   LR 5.1C CERTIFICATION ................................................................... 24

# TABLE OF AUTHORITIES

*Page(s)*

## *Cases*

*Advent Elecs., Inc. v. Samsung Semiconductor, Inc.*,
  709 F. Supp. 843 (N.D. Ill. 1989)............................................................. 23

*Alexander Proudfoot Co. World Headquarters L.P. v. Thayer*,
  877 F.2d 912 (11th Cir. 1989) ................................................................. 23

*Alfa Corp. v. Alfa Mortgage Inc.*,
  No. 2:06-cv-00962-WKW,
  2007 WL 2746644 (M.D. Ala. 2007) ...................................................... 16

*American Empire Surplus Lines Ins. Co. v. Hathaway Dev. Co.*,
  288 Ga. 749 (2011) .............................................................................. 21n

*Bird v. Parsons*,
  289 F.3d 865 (6th Cir. 2002) ................................................................... 16

*England v. ITT Thompson Indus. Inc.*,
  856 F.2d 1518 (11th Cir. 1988) ..................................................................6

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) ........................................................ 12, 18

*Harry S. Peterson Co. v. Nat. Union Fire Ins. Co.*,
  2009 Ga. App. 585 (Ga. Ct. App. 1993).................................................. 23

*Haworth, Inc. v. Herman Miller, Inc.*,
  821 F. Supp. 1476 (N.D. Ga. 1992)......................................................... 18

*In re Hoffmann-La Roche Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009) ............................................................... 18

*Imageline, Inc. v. Fotolia LLC*,
  663 F. Supp. 2d 1367 (N.D. Ga. 2009)................................................... 15

*Leroy v. Great Western United Corp.*,
  443 U.S. 173 (1978)................................................................................ 12

*Lockwood Corp. v. Black*,
    501 F. Supp. 261 (N.D. Tex. 1980) ........................................................ 22

*Manuel v. Convergys Corp.*,
    430 F.3d 1132 (11th Cir.2005) ........................................................ 6, 6n

*M/S Bremen v. Zapata Off-Shore Co.*,
    407 U.S. 1 (1972)........................................................................... 23

*Neil Bros. Ltd. v. World Wide Lines, Inc.*,
    425 F. Supp. 2d 325 (E.D.N.Y. 2006) ............................................ 12, 22

*Nida v. Nida*,
    118 F. Supp. 2d 1223 (M.D. Fla. 2000) ................................................ 16

*In re Nintendo Co.*,
    589 F.3d 1194 (Fed. Cir. 2009) ............................................................. 18

*Oscar Mayer Foods Corp. v. Bryan Foods, Inc.*,
    No. 1:89-CV-364-RHH, 1989 WL 164358
    (N.D. Ga. July 20, 1989) .............................................................. 12, 17

*Panavision Int'l, L.P. v. Toeppen*,
    141 F.3d 1316 (9th Cir. 1998) ............................................................... 16

*QR Spex, Inc. v. Motorola, Inc.*,
    507 F. Supp. 2d 650 (E.D. Tex. 2007) .................................................. 17

*Ramsey v. Fox News Network, LLC*,
    323 F. Supp. 2d 1352 (N.D. Ga. 2004)....................................... 4, 6, 6n, 13

*In re Ricoh Corp.*,
    870 F.2d 570 (11th Cir. 1989) .................................................................6

*Spanx, Inc. v. Times Three Clothier, LLC*,
    No. 1:13-cv-710-WSD, 2013 WL 5636684
    (N.D. Ga. Oct. 15, 2013) ....................................................................... 6

*Stephens v. Entre Computer Centers, Inc.*,
    696 F. Supp. 636 (N.D. Ga. 1988)........................................................ 23

*Stewart Org., Inc. v. Ricoh Corp.*,
    810 F.2d 1066 (11th Cir. 1987) ........................................................... 23, 24

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008) ........................................... 4, 6, 15, 17, 18

*In re Volkswagen AG*,
    371 F.2d 201 (5th Cir. 2004) .................................................................. 11

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) (*en banc*) ........................................ 5, 11, 13

*Williams v. Columbus Bar Ass'n*,
    No. 1:12-CV-04382-RWS, 2013 WL 1963822
    (N.D. Ga. May 8, 2013) .................................................. 6, 6n, 12, 13, 17

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.*,
    952 F. Supp. 1119 (W.D. Pa. 1997) ....................................................... 15

## **_Statutes_**

28 U.S.C. § 1391 .................................................................................... 13

28 U.S.C. § 1400(b) .................................................................................. 5

28 U.S.C. § 1404(a) ........................................................................ 1, 4, 13

## **_Rules_**

LR 5.1C ................................................................................................. 24

Defendant Scanbuy, Inc. ("Scanbuy") submits this memorandum in support of its motion pursuant to 28 U.S.C. § 1404(a) for an order transferring this action by Plaintiff NeoMedia Technologies, Inc. ("NeoMedia") to the United States District Court for the Southern District of New York.

## I.    INTRODUCTION

NeoMedia is based in Colorado.  Scanbuy is based in New York.  The majority of Scanbuy's employees and all of Scanbuy's documents, development servers, and computer code are located in the Southern District of New York.

NeoMedia left Georgia in 2012, and although NeoMedia says that it still has a document archive in Georgia, NeoMedia does not explain how those pre-2012 documents relate to any allegations in this action, allegations that relate to Scanbuy's actions and statements first made in 2013.  To the extent any of NeoMedia's pre-2013 documents relate to the patents-in-suit, most of the patent-related documents are publicly available from the United States Patent and Trademark Office located outside of in Washington, DC, or from NeoMedia's patent lawyer who works in New York.  As to any other NeoMedia documents in Georgia, it would take little effort for NeoMedia to transport them elsewhere (*e.g.*, to New York or to Chicago, where NeoMedia's lead counsel is located), especially if they are in an electronic format.

Although NeoMedia identified four former NeoMedia employees as possible witnesses who reside in Georgia, NeoMedia never explains why they have unique knowledge on any relevant topic or whether they will be called as witnesses by either party.  What's more, NeoMedia ignores that all of the key witnesses in this action – *i.e.*, the named inventors, the patent attorney who worked on the patents-in-suit, employees of Microsoft Corporation, NeoMedia's CEO, and Scanbuy's CEO – do not live or work in Georgia, and that one of four witnesses identified by NeoMedia (Mr. Zima) traveled to New York City for the arbitration between the parties in March 2013 as did NeoMedia's patent attorney (Mr. Barkume), who works in Manorville, New York, less than 100 miles from the Southern District of New York courthouse.

NeoMedia's Amended Complaint contains allegations about Scanbuy's connections to Georgia, but those allegations were only to bolster NeoMedia's jurisdictional claims.  None of those activities of, or statements by, Scanbuy are uniquely tied or directed to Georgia, and to the extent NeoMedia claims it has been harmed, the situs of any alleged injury is where NeoMedia is located – Colorado, not Georgia.

NeoMedia contends that a forum-selection clause in the 2009 agreement between the parties requires that this action be heard here.  As explained below,

that agreement terminated in 2013, and because the forum-selection clause terminated at the same time, the forum-selection clause is not enforceable.

The goal of the venue statutes is to protect a defendant against the risk that a plaintiff will select an unfair or inconvenient place for trial.  There can be no question that the Southern District of New York is a more convenient forum, and that no Section 1404(a) factor weighs in favor of maintaining this action in this venue.  In fact, NeoMedia itself knows Georgia is an inconvenient forum – when the March 2013 arbitration between the very same parties took pace in New York City at the suggestion of NeoMedia.  The Southern District of New York is a more convenient venue, and the motion to transfer should be granted.

## II.    <u>FACTUAL BACKGROUND</u>

NeoMedia filed an Amended Complaint on June 19, 2014, alleging infringement of United States Patent No. 6,199,048 and U.S. Patent No. 8,131,597 (collectively, "the patents-in-suit").  (*See* Docket Entry #17, Amended Complaint, ¶¶ 6, 46, 52, 139-76).

NeoMedia is a Delaware Corporation.  (*Id*., ¶ 2).  NeoMedia was located in Georgia until 2012, but NeoMedia's current principal place of business is in Boulder, Colorado.  (*Id*.; Docket Entry #18, "Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss," p. 16).

Scanbuy is a Delaware Corporation with its principal place of business in New York, New York (*i.e.*, within the Southern District of New York).  (Docket Entry #17, Amended Complaint, ¶ 3; "Declaration of Michael Wehrs in Support of Scanbuy's Motion to Dismiss Under 28 U.S.C. § 1404(a)," ¶ 4, filed herewith ("Wehrs Decl.")).  All of Scanbuy's likely witnesses, documents, and physical evidence are located in New York City (*see* Wehrs Decl., ¶¶ 5-8) where the Southern District of New York is located.

## III.   <u>ARGUMENT</u>

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  In ruling on Scanbuy's motion to transfer, the Court will undertake a two-part inquiry:

      (1)    Is the transferee district one in which the action could have been brought?

      (2)    Do the facts support the movant's contention that the transferee forum is more convenient?

*See Ramsey v. Fox News Network, LLC*, 323 F. Supp. 2d 1352, 1355 (N.D. Ga. 2004); *see also In re TS Tech USA Corp.*, 551 F.3d 1315, 1319-20 (Fed. Cir. 2008)

(applying Fifth Circuit law, in particular, *In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) (*en banc*)).

### A.    This Action Could Have Been Brought In The Southern District Of New York

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Scanbuy's principal place of business is in New York, New York. (*See* Wehrs Decl., ¶ 4). Scanbuy, therefore, resides in New York, New York, which is within the jurisdiction of the United States District Court of the Southern District of New York. (*See http://www.nysd.uscourts.gov/*). This action could have been brought there.

### B.    The Facts Support Transfer

A court may consider several factors in ruling on a motion to transfer:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

5

*Spanx, Inc. v. Times Three Clothier, LLC*, No. 1:13-cv-710-WSD, 2013 WL

5636684, at *1 (N.D. Ga. Oct. 15, 2013) (quoting *Manuel v. Convergys Corp.*,

430 F.3d 1132, 1135 & n.1 (11th Cir. 2005)).[1]  Courts have "broad discretion" in

deciding to transfer an action.  *Ramsey*, 323 F. Supp. 2d at 1355 (citing *England v.

ITT Thompson Indus. Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988)).  The burden on

Scanbuy is "to establish that the suggested forum is more convenient."  *Williams v.

Columbus Bar Ass'n*, No. 1:12-CV-04382-RWS, 2013 WL 1963822, at *2 (N.D.

Ga. May 8, 2013) (quoting *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989)).

### 1.    The Convenience Of The Witnesses

For this factor, "the focus of the Court should be on the convenience of 'key

witnesses.'"  *Ramsey*, 323 F. Supp. 2d at 1356.  The focus is on "key witnesses"

having information regarding liability; "[d]amage witnesses are accorded less

weight."  *Id.* at 1357.  In assessing convenience, the Court considers the distance

witnesses would have to travel.  *See TS Tech*, 551 F.3d at 1320 (noting the truism

---

[1]  Other decisions of this Court list only three factors:  "(1) the convenience of the parties; (2) the convenience of witnesses; and (3) the interests of justice."  *Ramsey*, 323 F. Supp. 2d at 1355; *see also Williams v. Columbus Bar Ass'n*, Civil Action No. 1:12-cv-04382-RWS, 2013 WL 1963822, at *2 (N.D. Ga. May 8, 2013), *but see id*. n.4 (also citing all nine factors listed in *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)).

that "it generally becomes more inconvenient and costly for witnesses to attend trial the further they are away from home").

NeoMedia has argued against transfer because "*some* of the individuals who *may be* called as witnesses regarding NeoMedia's technology, patents, licenses or the 2009 Agreement with Scanbuy are former NeoMedia employees who still reside in Georgia, a more convenient forum for them."  (Docket Entry #18, "Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss," p. 16) (emphasis added).  In support, NeoMedia submitted a declaration that identified only four people who "*may be* witnesses in this action."  (Docket Entry #18, "Declaration of Laura Marriott in Support of Plaintiff NeoMedia Technologies, Inc.'s Memorandum in Opposition to Defendant Scanbuy, Inc.'s Motion to Dismiss," ¶¶ 8, 10 (emphasis added)) ("Marriott Decl.").

Notably, NeoMedia *omitted* several key witnesses – the named inventors listed on the patents-in-suit, the patent attorney who worked on each of the applications for the patents-in-suit, employees of Microsoft Corporation, and the parties' respective CEOs.  The reason is plain – none of those key witnesses live or work in Georgia, but two of them live or work in New York.  (*See* Wehrs Decl., Ex. A (cover pages of the patents-in-suit listing the then-residence of the named inventors as Lisle, Illinois and Plainfield, Illinois, and identifying the patent

7

attorney who worked on the patent applications as Anthony Barkume); Ex. B (LinkedIn listing for the named inventor Frank C. Hudetz identifying the "Greater Chicago area" as his current location); Ex. C (webpage for Anthony Barkume of Barkume & Associates listing an address in Manorville, NY); Ex. D (webpage for Barkume & Associates listing its business address as Manorville, NY)).

With regard to the four possible witnesses NeoMedia identified, there is no indication that any of these witnesses *will be* asked to testify either on deposition or at trial, that their testimony would relate to liability instead of damages, or that any of the witnesses are "key witnesses."

Two of NeoMedia's identified witnesses are described as former members of NeoMedia's "accounting staff."  (Marriott Decl., ¶ 8).  NeoMedia never explains what information these witnesses possess or why these witnesses would need to provide testimony in this action.  Any information these witnesses possess likely relates to alleged damages only, can be found in NeoMedia's documents, and can be presented by other witnesses.

As to NeoMedia's other two identified witnesses, NeoMedia states that they are NeoMedia's former CFO Mr. Zima and NeoMedia's former CEO Mr. Hoffman.  (Marriott Decl., ¶ 8).  NeoMedia's declarant states that these witness "*may have knowledge* about one or more of the following subjects:

(1) NeoMedia's technology; (2) NeoMedia's patents-in-suit; (3) NeoMedia's licenses and revenues for the patents-in-suit; and (4) NeoMedia's 2009 Agreement with Scanbuy, Inc."  (Marriott Decl., ¶ 9) (emphasis added).  As explained below, these topics are irrelevant or tangential to the issues in this action.

Before addressing the topics identified by NeoMedia, Scanbuy notes that NeoMedia's former employee Mr. Zima attended the March 2013 arbitration between NeoMedia and Scanbuy that was held in New York City at NeoMedia's request.  (*See* Wehrs Decl., ¶ 15).  Mr. Zima would have no difficulty traveling to New York for this action.

As to NeoMedia's topics within these witnesses knowledge, even if Mr. Zima and Mr. Hoffman have knowledge about "NeoMedia's technology," that has nothing to do with NeoMedia's claims for patent infringement or for Scanbuy's alleged violation of the Lanham Act.  As to the former, it is NeoMedia's patents, not NeoMedia's implementation of what is in the patents, that are at issue. As to the latter, it is NeoMedia's business activities and Scanbuy's statements about NeoMedia made in 2013 that are at issue.  Former NeoMedia employees have nothing to contribute on those topics.

It also is not apparent why these two witnesses have particularized knowledge about the patents-in-suit given that neither one of them is a named

9

inventor on either patent.  Given their non-technical positions at NeoMedia, their knowledge likely relates to damages issues, not liability issues.  In any event, their knowledge is not unique nor even required to discover and prosecute NeoMedia's claims or Scanbuy's defenses and counterclaims.

Also, to the extent either Mr. Zima or Mr. Hoffman has information about "NeoMedia's licenses and revenues for the patents-in-suit," that information likely is duplicative of information that can be obtained directly from NeoMedia's documents, including publicly available documents such as NeoMedia's SEC filings, or can be obtained from other witnesses such as NeoMedia's current CEO, Laura Marriott, who Scanbuy believes lives in Colorado, not Georgia.

Finally, NeoMedia's Ms. Marriott declares that Mr. Zima and Mr. Hoffman might have information about "NeoMedia's 2009 Agreement with Scanbuy."  But NeoMedia never explains why that agreement bears any relevance to NeoMedia's claims or Scanbuy's defenses and counterclaims.  To the extent the agreement is relevant, its relevance relates to whether the agreement has terminated, which is a matter of contract interpretation, and thus, a matter of law for the Court to decide.

The Southern District of New York is indisputably a more convenient forum because the majority, if not all, of Scanbuy's witnesses and NeoMedia's patent attorney live and/or work within the Southern District of New York or within

10

100 miles thereof.  It is an "obvious conclusion" that it is more convenient for these witnesses to testify at home in the Southern District of New York.  *See Volkswagen*, 545 F.3d at 317 (reiterating that "it is an 'obvious conclusion' that it is more convenient for witnesses to testify at home" (quoting *In re Volkswagen AG*, 371 F.2d 201, 205 (5th Cir. 2004)).  This factor supports transferring this action to the Southern District of New York.

### 2. The Location Of Relevant Documents And The Relative Ease Of Access To Sources Of Proof

NeoMedia has stated that "NeoMedia's document archives remain here in Georgia."  (Docket Entry #18, "Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss," p. 16).  But those archives likely contain documents from the time period prior to 2012 given that NeoMedia moved its headquarters out of Georgia in 2012.  (*See* Marriott Decl., ¶ 3 ("Until 2012, NeoMedia was headquartered in Georgia.")).  Pre-2012 documents bear little-to-no relevance to NeoMedia's claims or Scanbuy's defenses and counterclaims.

In its patent infringement allegations, NeoMedia alleges Scanbuy has been infringing the patents-in-suit "[s]ince September 17, 2013."  (*See* Docket Entry #17, Amended Complaint, ¶¶ 72-76).  In its Lanham Act violation allegations, NeoMedia points to various activities and statements by Scanbuy that occurred or were made during and after September 2013.  (*Id.*, ¶¶ 83, 86, 89, 93).  It is highly

unlikely that NeoMedia's pre-2012 archive of documents contains documents related to the September 2013-to-present time period at issue in this action.

In any event, "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006)).

All of Scanbuy's documentary and physical evidence – including not only paper files but computer servers and computer code at issue – is located in the Southern District of New York, while none is located in the Northern District of Georgia.  (Wehrs Decl., ¶¶ 6-8).  The location of "relevant documents and sources of proof" in another district is another factor that supports the transfer of this action.  *See Williams*, 2013 WL 1963822, at *3.

### 3.   The Convenience Of The Parties

This Court has remarked that "the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial."  *Oscar Mayer Foods Corp. v. Bryan Foods, Inc.*, No. 1:89-cv-364-RHH, 1989 WL 164358, at * 2 (N.D. Ga. July 20, 1989) (quoting *Leroy v. Great Western United Corp.*, 443 U.S. 173, 183 (1978), and noting

"[t]hough *Leroy* was addressing the provisions of § 1391 its reasoning is useful in a § 1404 motion as well"); *see also Volkswagen*, 545 F.3d at 313 ("The underlying premise of § 1404(a) is that courts should prevent plaintiffs from abusing their privilege under § 1391 by subjecting defendants to venues that are inconvenient under the terms of § 1404(a).").

Both parties are inconvenienced by having this action in Georgia because NeoMedia is located in Colorado and Scanbuy is located in New York.  (*See* Amended Complaint, ¶¶ 2, 3).  As this Court has noted, in assessing this factor, "[i]t is significant that none of the parties in this case currently reside in Georgia." *Ramsey*, 323 F. Supp. 2d at 1355; *see also Williams*, 2013 WL 1963822, at *3. Although NeoMedia used to reside in Georgia, that fact does not have carry significant weight in arguing against transfer.  *Ramsey*, 323 F. Supp. 2d at 1355.

NeoMedia has argued that transferring this action would "do nothing more than shift the inconvenience from one party to the other."  (Docket Entry #18, "Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss," p. 15).  This is not so.  Litigation in the Southern District of New York will be significantly more convenient to Scanbuy and no less convenient for NeoMedia. *See Williams*, 2013 WL 1963822, at *3 ("Litigation in Ohio will be significantly

more convenient for Defendant and no less convenient for Plaintiffs, who would already be required to travel from Maryland to Georgia to litigate the dispute.").

NeoMedia is based in Colorado, and thus, its officers and employees will have to travel regardless.  Scanbuy is based in New York, and its officers and employees will only have to travel a long distance if this action remains in Georgia.  Moreover, as explained above, Scanbuy's documents, computer systems, and computer source code are all located in New York.  The convenience of the parties weighs in favor of transfer.

### 4.    The Locus Of Operative Facts

Plaintiff's Amended Complaint contains allegations that the alleged patent infringement and alleged Lanham Act violations occurred in Georgia.  (*See* Amended Complaint, ¶¶ 10-32).  However, Plaintiff made these allegations under the heading "Jurisdiction and Venue," demonstrating a self-imposed limitation on providing the full geographic extent of Scanbuy's cited activities.  Plaintiff's allegations do not mean that the actions and statements that Plaintiff used to support Plaintiff's claims did not occur anywhere else.  In fact, given the nature of the allegations against Scanbuy – a company that conducts nationwide (and international) business – relating to Scanbuy's sales, a press release, and its website, NeoMedia's allegations are not limited to Georgia but extend nationwide.

14

First, as to Scanbuy's alleged patent infringement, the accused services are available nationwide, and Scanbuy has few customers located in Georgia.  (*See* Wehrs Decl., ¶¶ 9, 10, 14).  Merely because Scanbuy's accused services are available in Georgia does not make Georgia the most convenient venue for this action.  *See TS Tech*, 551 F.3d at 1321 (explaining that "the vehicles containing TS Tech's allegedly infringing headrest assemblies were sold throughout the United States, and thus the citizens of the Eastern District of Texas have no more or less of a meaningful connection to this case than any other venue").

Second, NeoMedia cannot attempt to find a relevant connection between this action and the Northern District of Georgia in the fact that Scanbuy's website is accessible to Georgia residents via the Internet.  NeoMedia's website is just as accessible in every judicial district, and nothing about Scanbuy's website shows it was purposefully directed to citizens of Georgia.  *See Imageline, Inc. v. Fotolia LLC*, 663 F. Supp. 2d 1367, 1377 (N.D. Ga. 2009) (finding none of defendant's contacts indicate it "targeted its services or advertisements to residents" of Georgia while applying the factors of *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997)).

Finally, to the extent NeoMedia alleges it suffered injury, the situs of that injury is where NeoMedia is located – Colorado – not where the isolated Georgia-

related events cited in NeoMedia's Amended Complaint.  *See, e.g.*, *Alfa Corp. v. Alfa Mortgage Inc.*, No. 2:06-cv-00962-WKW, 2007 WL 2746644, at *3 (M.D. Ala. 2007) ("The injury from a trademark infringement occurs in the state where the trademark owner resides.") (citing *Bird v. Parsons*, 289 F.3d 865, 876 (6th Cir. 2002); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 n.2 (9th Cir. 1998); *Nida v. Nida*, 118 F. Supp. 2d 1223, 1228 (M.D. Fla. 2000)).

The operative facts relate to allegations about Scanbuy's services, the computer servers and computer code that underlie those services, and Scanbuy's statements contained in a press release and on its website, all of which are based in New York or were implemented from New York.  This factor supports transfer of this action to the Southern District of New York.

### 5.    The Availability Of Process To Compel The Attendance Of Unwilling Witnesses

This factor weighs is neutral given that the most likely third party to be subpoenaed is Microsoft Corporation, a Washington corporation with its principal place of business in Redmond, Washington.  Neither Court will have any greater or lesser ability to compel the attendance of unwilling witnesses.

### 6.    The Relative Means Of The Parties

Both parties are corporations, with neither being vastly larger or smaller than the other.  This factor does not favor either party, and thus, is neutral.

16

### 7.   A Forum's Familiarity With The Governing Law

This factor is neutral.  Both courts would be fully capable of applying the patent laws of the United States, and each has experience with patent cases. Moreover, the Court of Appeals for the Federal Circuit would take any appeal, regardless of which district court hears the case.  *See QR Spex, Inc. v. Motorola, Inc.*, 507 F. Supp. 2d 650, 667 (E.D. Tex. 2007).  Accordingly, both courts are equally capable of applying the federal patent laws to infringement claims.  *See TS Tech*, 551 F.3d at 1320 (agreeing with district court that "'[p]atent claims are governed by federal law,' and as such 'both [courts are] capable of applying patent law to infringement claims'" (brackets in original)).

### 8.   The Weight Accorded A Plaintiff's Choice Of Forum

This factor should not weigh in the calculus here because although a plaintiff usually is entitled deference as to forum choice, that deference is "significantly weakened when the forum chosen is not the primary residence of the plaintiff or the defendant and the subject matter of the litigation is not substantially connected to the forum."  *Oscar Mayer Foods*, 1989 WL 164358, at *1 (citation omitted); *see also Williams*, 2013 WL 1963822, at *3 (transferring action and agreeing that plaintiff's choice of a non-home forum receives less deference); *Ramsay*, 323 F. Supp. 2d at 1355 ("Although Plaintiffs' choice of forum is typically granted

17

a great deal of deference, it is entitled to less weight when none of the parties

resides there.") (citing *Haworth, Inc. v. Herman Miller, Inc.*, 821 F. Supp. 1476,

1479 (N.D. Ga. 1992)).  NeoMedia's choice of this forum should not factor into

the transfer analysis.

**9.    Trial Efficiency And The Interests Of Justice,
Based On The Totality Of The Circumstances**

The Court of Appeals for the Federal Circuit summarized several of its

rulings related to transfer of patent actions, and in doing so, emphasized that the

location of the witnesses and evidence controls:  "This court has held and holds

again in this instance that in a case featuring most witnesses and evidence closer

to the transferee venue with few or no convenience factors favoring the venue

chosen by the plaintiff, the trial court should grant a motion to transfer.  *See, e.g.*,

*Hoffmann-La Roche*, 2009 WL 4281965; *Genentech*, 566 F.3d 1338; *TS Tech*,

551 F.3d 1315."  *In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009).  The

totality of the circumstances, based on all of the factors above, demonstrates why

this action should be transferred to the Southern District of New York.

**C.    The Forum-Selection Clause
Does Not Apply Because It Terminated
When The NeoMedia-Scanbuy Agreement Terminated**

NeoMedia and Scanbuy entered into a "Settlement and License Agreement,"

effective October 16, 2009.  (*See* Amended Complaint, ¶ 5; Amended Complaint,

18

Ex. 1).  Among other things, the NeoMedia-Scanbuy Agreement granted Scanbuy a license under certain NeoMedia patents in a specified "Territory," in a specified "Field of Use," and for a specified "Term."  (*See* Amended Complaint, Ex. 1, §§ 1.1, 1.3, 1.5, 2.1, and 7).

After several years, NeoMedia sent a September 17, 2013 letter to Scanbuy alleging a material breach.  (*See* Wehrs Decl., Ex. E, first paragraph).  In that same letter, NeoMedia advised Scanbuy that "[p]er Section 2.3 of the [NeoMedia-Scanbuy] Agreement, the NeoMedia license to NeoMedia's patents granted in [S]ection 2.1 is terminated effective immediately."  (*Id.*).

In a December 2, 2013 letter, Scanbuy informed NeoMedia that, among other things, NeoMedia's attempted termination of the license in the NeoMedia-Scanbuy Agreement was improper because NeoMedia failed to follow the dispute resolution provisions in the NeoMedia-Scanbuy Agreement.  (*See* Wehrs Decl., Ex. F, p. 1, second paragraph; Amended Complaint, Ex. 1, § 8.1).

Notwithstanding NeoMedia's failure, Scanbuy stated in its December 2 letter that "Scanbuy hereby accepts NeoMedia's termination of the [NeoMedia-Scanbuy] Agreement and the license contained therein on the basis set forth in your letter of September 17," that is, on the basis of Section 2.3 of the NeoMedia-Scanbuy Agreement.  (*See* Wehrs Decl., Ex. F, p. 1, third paragraph).  NeoMedia

subsequently asserted that the NeoMedia-Scanbuy Agreement was not terminated, but rather, only the license contained therein was terminated.  (*See* Wehrs Decl., Ex. G, p. 1, third paragraph).  NeoMedia was incorrect.

NeoMedia relied on Section 2.3 of the NeoMedia-Scanbuy Agreement, in seeking to terminate the license from NeoMedia to Scanbuy.  (*See* Wehrs Decl., Ex. E).  Scanbuy informed NeoMedia that NeoMedia's attempted termination was improper – because NeoMedia failed to follow the provision in the NeoMedia-Scanbuy Agreement requiring all non-patent-related disputes to be resolved by arbitration (*see* Amended Complaint Ex. 1, § 8.1) – but that Scanbuy accepted NeoMedia's "termination of the [NeoMedia-Scanbuy] Agreement and the license contained therein on the basis set forth in your letter of September 17," that is, on the basis of Section 2.3.  (*See* Wehrs Decl., Ex. F, p. 1, third paragraph).

The problem NeoMedia faces in attempting to bring this action is that the unambiguous language of Section 2.3 of the NeoMedia-Scanbuy Agreement ties into unambiguous language in Section 7 ("Term and Termination") which then implicates Section 21 ("Survivability").  The interplay of these provisions resulted in the termination of the NeoMedia-Scanbuy Agreement for all but a few specific provisions, provisions that do not include the forum-selection clause.

20

NeoMedia invoked Section 2.3, which provides that the "license granted in this section to Scanbuy shall terminate" under certain specified conditions, one of which was "upon any other material breach of this Agreement by Scanbuy." (Amended Complaint, Ex. 1, § 2.3).  Under the unambiguous terms of the NeoMedia-Scanbuy Agreement, if NeoMedia was correct that the events of Section 2.3 had occurred, Section 7, entitled "Term and Termination," was triggered:

> The Term of this Agreement shall be until the last to expire of the NeoMedia Licensed Patents, in which case all payment obligations under Section 3, not then due and payable, shall cease, or upon the occurrence of the events described in Section 2.3 of this Agreement, in which case any then accrued payment obligations shall become due and payable.

(Amended Complaint, Ex. 1, § 7 (emphasis added)).[2]

Once Scanbuy acceded to NeoMedia's attempted termination under Section 2.3, the NeoMedia-Scanbuy Agreement terminated pursuant to Section 7, and the provisions of the agreement ceased to be enforceable with only limited exceptions expressly agreed-to by the parties.  Two exceptions were contained in Section 21:

---

[2]  Under Georgia law, this unambiguous language dictates that the NeoMedia-Scanbuy Agreement terminated per its express terms.  *See, e.g.*, *American Empire Surplus Surplus Lines Ins. Co. v. Hathaway Dev. Co.*, 288 Ga. 749, 750 (2011) ("If the language is unambiguous, the court simply enforces the contract according to the terms, and looks to the contract alone for the meaning.") (Citation omitted.)).

21.  <u>Survivability.</u>

All confidentiality requirements and obligations of accrued payment shall survive expiration or termination of this Agreement.

(Amended Complaint, Ex. 1, § 21).  The other exception was in Section 2.3 which expressly stated that the license granted by Scanbuy to NeoMedia would survive termination.  (*See* Amended Complaint, Ex. 1, § 2.3).

The parties did not specify that the forum-selection clause survives termination, and thus, it became unenforceable when the NeoMedia-Scanbuy Agreement terminated.  *See Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 328 (E.D.N.Y. 2006) ("World Wide admits that this agreement was terminated in 1998 shortly after it was executed.  Therefore, this purported forum selection clause is not binding on the parties with regard to the current dispute."); *Lockwood Corp. v. Black*, 501 F. Supp. 261, 263-64 (N.D. Tex. 1980) ("[I]t is clear that the written contract between plaintiff and defendant was cancelled for all purposes on May 29, 1974 … [and] [t]he forum-selection clause also terminated as of that date.").[3]

_____

[3]  The parties disagree about the termination date, but a determination of the actual date is not required here.  The important fact is that on some date before NeoMedia filed this action, the NeoMedia-Scanbuy Agreement terminated and the forum-selection clause became unenforceable.

NeoMedia has cited authorities where forum-selection clauses have been applied post-termination.  Each of those authorities is distinguishable because, in each, the action related to the underlying contract and that fact is not present here – NeoMedia's causes of action are for patent infringement and alleged violations of the Lanham Act.  *See, e.g.*, *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 3-4 (1972) (stating that the underlying action alleged "negligent towage and breach of contract"); *Alexander Proudfoot Co. World Headquarters L.P. v. Thayer*, 877 F.2d 912, 914 (11th Cir. 1989) (noting Plaintiff "filed this action to enforce certain provisions of its employment agreement"); *Stewart Org., Inc. v. Ricoh Corp.*, 810 F.2d 1066, 1067 (11th Cir. 1987) (noting Plaintiff "file[d] this breach of contract action"); *Advent Elecs., Inc. v. Samsung Semiconductor, Inc.*, 709 F. Supp. 843, 847 n.4 (N.D. Ill. 1989) ("It is undisputed that the duties Advent seeks to enforce here arose from and during the existence of the Distribution Agreement."); *Stephens v. Entre Computer Centers, Inc.*, 696 F. Supp. 636, 638 (N.D. Ga. 1988) (stating the complaint alleged "fraudulent inducement, fraud, breach of contract and breach of fiduciary duty arising out of a franchise agreement"); *Harry S. Peterson Co. v. Nat. Union Fire Ins. Co.*, 2009 Ga. App. 585, 585 (Ga. Ct. App. 1993) (stating Plaintiff's complaint alleged, "inter alia, breach of contract").

23

In all of these cases, the breach of contract claim carried other claims along with it or the events at issue arose from the contract.  These cases do not apply because the disputes at issue here did not "aris[e] out of or in connection with" the agreement between the parties.  *See, e.g.*, *Stewart Org.*, 810 F.2d at 1070.

Based on the foregoing, the forum-selection clause does not apply here. This action should be transferred for the reasons stated above.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, this action should be transferred to the United States District Court for the Southern District of New York.

## V.    <u>LR 5.1C CERTIFICATION</u>

The undersigned certifies that this memorandum has been prepared with one of the font and point selections approved by the court in LR 5.1C.

Dated:  July 25, 2014                          Respectfully submitted,

                                          /s/ *Jeffrey D. Blake*
                                          Jeffrey D. Blake
                                          (Georgia Bar Number 253018)
                                          MERCHANT & GOULD P.C.
                                          191 Peachtree Street N.E. – Suite 4300
                                          Atlanta, GA  30303
                                          Tel.:  404.954.5100
                                          Fax:  404.954.5099
                                          Email:  jblake@merchantgould.com

                                          *Attorneys for Defendant Scanbuy, Inc.*

24

OF COUNSEL:
John M. Hintz
RIMON, P.C.
245 Park Avenue – 39th Floor
New York, NY  10167
Tel:  212.633.4913
Email:  john.hintz@rimonlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 25, 2014, I caused a true and correct copy of the foregoing "Defendant Scanbuy, Inc.'s Memorandum in Support of its Motion to Transfer Under 28 U.S.C. § 1404(a)" to be served on counsel of record for Plaintiff NeoMedia Technologies, Inc. by the Court's ECF system.


Dated:  July 25, 2014                          /s/ *Jeffrey D. Blake*_____
                                                        Jeffrey D. Blake